UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILT,

              Plaintiff,

    v.

PFIZER, INC.,

              Defendant.

Case No.  2:24-cv-2058-DJC-JDP (PS)

ORDER

Plaintiff David Wild brings this civil rights action against defendant Pfizer, Inc. for misrepresentations the company allegedly made during the COVID-19 Pandemic about its vaccines.  Since Pfizer is not a proper defendant and plaintiff's state law claims are insufficiently alleged, I will dismiss plaintiff's complaint with leave to amend.  Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

2    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

3    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

4    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

5    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

6    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

7    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

8    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

9    n.2 (9th Cir. 2006) (en banc) (citations omitted).

10        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

11   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

12   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

13   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

14   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

15   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

16   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17                                              **Allegations**

18        The complaint alleges that defendant deceived the public by widely disseminating the

19   misrepresentation that its vaccine achieved 95% efficacy against COVID-19 infections, and also

20   by sharing other misleading information.  ECF No. 1.  Plaintiff alleges harm in that defendant's

21   conduct allegedly impacted "[p]laintiff and the public's decision-making process concerning

22   vaccination status to his/their detriment" based on a distorted risk-benefit analysis caused by

23   defendant's misrepresentations.  *Id.* at 55.  Additionally, plaintiff alleges that, had he and the

24   public "known the truth about the efficacy of Pfizer's COVID-19 vaccine, [p]laintiff and a

25   substantial portion [of the public] would likely have opted for an alternative or foregone

26   inoculation altogether."  *Id.* at 55-56.

27        Plaintiff brings this action under "California's Deceptive Trade Practice Act ('CDTPA')"

28   *id.* at 6, the Federal Trade Commission ("FTC") Act, *id.* at 58, California Business and

                                                      2

1    Professional Code §§ 17500, 17500.5, California Civil Code 1770, as well as the Eighth and

2    Fourteenth Amendment to the United States Constitution, *id.* at 1, 6.

3        The complaint asserts five causes of action as follows: "misrepresentations concerning

4    relative risk reduction;" "misrepresentations concerning durability of protection;"

5    "misrepresentations concerning transmission;" "misrepresentations concerning protection against

6    variants;" and "scheme to conceal vaccine underperformance." ECF No. 1 at 58-60. Plaintiff

7    seeks damages and injunctive relief. *Id.* at 61-62.

8                                        **Analysis**

9        Plaintiff, proceeding pro se, can only bring and prosecute claims on behalf of himself. *See*

10   *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff cannot bring claims on

11   behalf of the public.

12       In addition, plaintiff cannot state a claim under the Federal Trade Commission Act

13   because there exists no private right of action. *See Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th

14   Cir. 1981); *Kerr v. Am. Home Mortg. Serv'g, Inc.*, No. 10-cv-1612-BEN-AJB, 2010 WL

15   3743879, at *3 (S.D. Cal. Sep. 22, 2010) (explaining that only the Federal Trade Commission has

16   standing to enforce the Act). While some of the California statutes cited by plaintiff allow

17   individuals to bring lawsuits, plaintiff fails to establish the court's subject matter jurisdiction to

18   sue and fails to state a claim.

19       The complaint asserts that this court has subject matter jurisdiction on the basis of a

20   federal question, "specifically 28 U.S.C. § 2241 U.S.C. § 1983." ECF No. 1 at 6. Section 2241

21   grants federal courts power to grant writs of habeas corpus and has no application here. Section

22   1983 exists to redress violations of rights, privileges, or immunities secured by the Constitution

23   and federal laws by a person or entity acting under the color of state law. *See* 42 U.S.C. § 1983.

24   Plaintiff does not allege that defendant acted under color of state law. Plaintiff also does not

25   plausibly allege a violation of his constitutional or other federal rights. A conclusory assertion

26   that defendant "violated the Eighth and Fourteenth Amendment to the United States Constitution"

27   does not suffice. *See Bell Atl. Corp*, 550 U.S. 544, 555 (2007) ("labels and conclusions" do not

28   suffice to state a claim). As such, the complaint fails to invoke the court's subject matter

1   jurisdiction.  And plaintiff fails to state a claim under any of the California statutes under which

2   he brings his claims.

3          California's Consumer Legal Remedies Act ("CLRA") makes illegal "unfair methods of

4   competition and unfair or deceptive acts or practices undertaken by any person in a transaction

5   intended to result or which results in the sale or lease of goods or services to any consumer."  Cal.

6   Civ. Code § 1770 (emphasis added).  A CLRA claim must satisfy the heightened pleading

7   standard for fraud.  *See* Fed. R. Civ. P. 9(b*); Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161,

8   1170 (E.D. Cal. 2013).  Plaintiff does not allege that he relied on defendant's misrepresentations

9   in deciding to make a purchase of any goods or services, or that he suffered economic injury

10  resulting from any such purchase.  He therefore has no claim under the CLRA.  *See Sateriale v.*

11  *R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (9th Cir. 2012) (affirming dismissal of CLRA

12  claim because the plaintiff did not allege economic injury, reliance, or causation).

13         California's false advertising law ("FAL") prohibits any "unfair, deceptive, untrue, or

14  misleading advertising."  Cal. Bus. and Prof. Code § 17500.  A private cause of action exists for

15  "[a]ny person who has suffered injury in fact and has lost money or property as a result of a

16  violation[.]"  Cal. Bus. & Prof. Code § 17535; *see also Laster v. T-Mobile USA, Inc.*, 407 F.

17  Supp. 2d 1181, 1194 (S.D. Cal. 2005), aff'd, 252 F. App'x 777 (9th Cir. 2007) (dismissing FAL

18  claim where the plaintiffs did not allege reliance on the defendants' advertisements in entering

19  into transactions for sale).  Plaintiff does not allege that he entered into any transactions for sale

20  or that he lost money or property as a result of entering into transactions for sale because of

21  defendant's alleged misrepresentations.  Plaintiff's California FAL claim fails. *See* Cal. Bus. &

22  Prof. Code § 17535.

23         Plaintiff also cites California Business and Professional Code § 17500.5.  This section

24  prohibits "[u]nadvertised restrictions as to limitations on quantity of articles advertised[.]"  Cal.

25  Bus. & Prof. Code § 17500.5.  Plaintiff does not allege that defendant restricted the quantity of an

26  article advertised for sale or refused to sell an article at the advertised price.  *See id.*  Accordingly,

27  this section has no bearing on any of defendant's alleged conduct.

28         The complaint is dismissed for the reasons stated above.  I will allow plaintiff a chance to

4

1  amend his complaint before recommending that this action be dismissed.  If plaintiff decides to

2  file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v.*

3  *Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended

4  complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D.

5  Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any

6  function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each

7  claim and allege each defendant's involvement in sufficient detail.  The amended complaint

8  should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff

9  does not file an amended complaint, I will recommend that this action be dismissed.

10          Accordingly, it is hereby ORDERED that:

11          1.  Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

12          2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

13          3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

14  complaint or (2) notice of voluntary dismissal of this action without prejudice.

15          4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

16  result in the imposition of sanctions, including a recommendation that this action be dismissed

17  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

18          5.  The Clerk of Court shall send plaintiff a complaint form with this order.

19
20  IT IS SO ORDERED.

21
22  Dated:    April 22, 2025

23                                                  JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28

5