1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID WILT,                              Case No.  2:24-cv-2058-DJC-JDP (PS)

12                     Plaintiff,

13         v.                                  FINDINGS AND RECOMMENDATIONS

14    PFIZER, INC.,

15                     Defendant.

16

17         Plaintiff David Wilt alleges in his first amended complaint that defendant Pfizer, Inc.'s

18   third vaccination caused him illness.  Since plaintiff has only alleged a state law claim and this

19   court lacks jurisdiction, I recommend that plaintiff's complaint be dismissed without leave to

20   amend.

21                          **Screening and Pleading Requirements**

22         A federal court must screen the complaint of any claimant seeking permission to proceed

23   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

24   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

25   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

26   relief.  *Id.*

27         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

28   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

                                            1

1    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

2    require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

3    662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

4    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

5    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

6    1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

7    give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

8    n.2 (9th Cir. 2006) (en banc) (citations omitted).

9        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

10    U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

11    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

12    would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

13    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

14    of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

15    1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

16                                      **Allegations**

17        The amended complaint alleges that plaintiff became sick for a nearly a year after he

18    received defendant's third round of the COVID-19 vaccination. ECF No. 4 at 5. Plaintiff alleges

19    one cause of action: California's Deceptive Trade Practice Act ("CDTPA").[1] *Id.* at 4.

20        The amended complaint asserts that this court has subject matter jurisdiction based on

21    federal question. *Id.* at 3. However, plaintiff has not alleged a federal claim; he has alleged only

22

23        [1] Even if the court were to consider the merits of plaintiff's allegation, the Court of
    Appeals has found that claims against vaccine manufacturers like defendant for bodily harm
24    arising from COVID-19 vaccines are barred by the Public Readiness and Emergency
    Preparedness Act ("PREP Act"). *See Gieser v. Moderna Corp.*, No. 1:24-cv-0458-JLT-CDB,
25    2024 WL 4190086 (E.D. Cal. Sept. 13, 2024) (finding claim for physical injury arising from
    Moderna COVID-19 vaccine barred under the PREP Act and, if excepted from such immunity,
26    the court lacked subject matter jurisdiction); *T.C. by & through Cabaniss v. Pfizer, Inc.*, No. 22-
    cv-01242-WQH-AHG, 2022 WL 17578871, at *2 (S.D. Cal. Nov. 9, 2022) (finding claim for
27    injury from COVID-19 vaccine barred under the PREP Act).

28

1    a state law claim.  Therefore, this court's jurisdiction depends on diversity jurisdiction.  *See* 28

2    U.S.C. §§ 1331, 1332; *see also Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) ("For

3    a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must

4    exceed $75,000, and the parties must be citizens of different states.").  Diversity jurisdiction

5    exists in all civil actions in which there is complete diversity of citizenship of the parties and the

6    amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  While the amended complaint

7    alleges diversity of citizenship, it fails to allege any amount in controversy.  ECF No. 4 at 4.

8    Thus, plaintiff's allegations reflect that the amount in controversy is lacking.

9        I find that granting plaintiff further opportunities to amend would be futile.  *See Schucker*

10    *v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se

11    complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

12    the complaint could not be cured by amendment.") (internal quotation marks and citations

13    omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th

14    Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice,

15    and futility.").  Accordingly, I recommend the amended complaint be dismissed without leave to

16    amend.

17        Accordingly, it is hereby RECOMMENDED that:

18        1.  Plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend for

19    lack of subject matter jurisdiction.

20        2.  The Clerk of Court be directed to close the case.

21        These findings and recommendations are submitted to the United States District Judge

22    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

23    service of these findings and recommendations, any party may file written objections with the

24    court and serve a copy on all parties.  Any such document should be captioned "Objections to

25    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

26    within fourteen days of service of the objections.  The parties are advised that failure to file

27    objections within the specified time may waive the right to appeal the District Court's order.  *See*

28    *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated:    May 20, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE